[No. 19520.   Department Two.—July 6, 1895.]

EDWARDS SIMONS ET AL., RESPONDENTS, *v.* E. C.
WEBSTER ET AL., DEFENDANTS, G. G. GREEN, AP-
PELLANT.

APPEAL—REVIEW OF CONFLICTING EVIDENCE.—Where the evidence is sub-
stantially conflicting the determination of issues of fact by the trial
court is final, and will not be disturbed upon appeal.

MECHANIC'S LIEN—CLAIM OF PARTNERSHIP FOR MATERIALS FURNISHED—
RETIREMENT OF PARTNER—ASSIGNMENT OF LIEN.—Where a partnership
makes a contract for materials used in the construction of a building
it is immaterial to the right of the partnership to file a lien therefor,
whether the contract was or was not completed prior to the retirement
of one of the partners from the firm, and his sale to the other partners
of his interest in the firm; and the right of the partnership to claim
and file a lien for the materials is not destroyed by the extinguishment
of one partner's general interest in the partnership, nor is such case
within the rule that the right to create a lien cannot be assigned to a
stranger to the transaction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*A. R. Metcalfe,* and *Anderson & Anderson,* for Appellant.

The burden of proving that a lien exists is upon the plaintiffs. (*Jefferson* v. *Wendt,* 51 Cal. 573.) The only party who can perfect a lien is the party furnishing the material, and a lien for materials furnished by one firm cannot be proved by showing material furnished by another firm. (*Mills* v. *La Verne Land Co.,* 97 Cal. 254, 257; 33 Am. St. Rep. 168.) The withdrawal of a member from the firm works a dissolution of the firm. (*Ross* v. *Cornell,* 45 Cal. 133.)

*Chapman & Hendrick,* for Respondents.

The case is one of conflicting evidence, and the fact that it is an equity case makes no difference in the rule of the supreme court. (*Ritter* v. *Stock,* 12 Cal. 402; *Doe* v. *Vallejo,* 29 Cal. 390.) The evidence being conflicting, it must be assumed that the evidence tending to support the judgment is true. (*California Bank* v. *Sayre,* 85 Cal. 102.)

McFARLAND, J.—Action to enforce a lien for brick, lime, and sand furnished by plaintiffs as subcontractors. The defendant Webster, who was the original owner of the building for which the materials were furnished, and defendant Haver, the original contractor, made default. The defendant Green, who was a subsequent mortgagee of Webster, and who now owns the premises in controversy through a foreclosure of his mortgage, answered; and, judgment having been rendered for plaintiffs, Green appeals from the judgment and from an order denying his motion for a new trial.

Appellant relies entirely upon the second, third, fifth, sixth, and seventh assignments of errors, and all these

assignments are simply specifications of "the particulars in which the evidence is insufficient to justify the findings."

In the briefs on both sides the case is very fully, closely, and skillfully argued; the evidence is carefully analyzed and its separate parts compared, contrasted, or harmonized in accordance with the different views and contentions of respective counsel. But, after a thorough consideration of the arguments presented by counsel and the evidence presented by the record, we are satisfied that the case is merely one of those instances of fairly and substantially conflicting evidence where the determination of issues of fact by the trial court is final. Counsel for appellants endeavors to take the case out of the rule respecting conflicting evidence by contending that a consideration of the assignments " does not involve so much an inquiry as to whether a fact found is sustained by the testimony as it does the construction of the admitted and undisputed facts of the case, and the application of the law thereto." There are cases, no doubt, to which that contention would apply, but the case at bar is not one of them. The ultimate question here was whether or not the money claimed by respondents as secured by their lien had been paid; and that was simply a question of fact to be solved upon the evidence. The case does not materially differ from ordinary cases where findings of fact are to be arrived at by weighing evidence that is conflicting.

To say any thing further with respect to the case generally would be to state here all the evidence—which would be a tedious and valueless task. Perhaps the third assignment should be specially noticed. The plaintiffs did business as a partnership under the firm name of the " City Brick Company"; and, at the time the contract for the materials was made, the firm was composed of the respondents, Ed Simons, A. A. Hubbard and one Thomas Goss. It appears that, at some time between the making of the contract and the filing of the lien, Goss sold all his interest in the firm to the

plaintiffs, who continued the business under the same firm name and filed the lien. The said third assignment attacks the correctness of a finding of the court that the contract was completed after Goss sold, appellant claiming that the evidence shows that Goss did not sell until after the completion of the contract. While we think that there was evidence to support the finding we do not think that the question involved is material. Appellant contends that, if Goss did not sell until after the completion of the contract, then a new partnership was created, and, as the new firm filed a lien for a claim held by the old firm, the case is within the rule that a right to create a lien cannot be assigned, as stated in *Mills* v. *La Verne Land Co.*, 97 Cal. 254; 33 Am. St. Rep. 168. But the rule in the Mills case does not apply here. In that case the persons who had furnished the materials undertook to assign their "right of lien" to an entire stranger to the transaction. In the case at bar the right to create the lien existed in respondents as partners, and in each of them, before the sale to them of Goss' interest in the firm; and that right was not destroyed by the extinguishment of Goss' general interest in the partnership.

The judgment and order are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.